**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

JOSE A. SALAS‑URENAS,

Defendant‑Appellant.

No. 11-3182
(D.C. No. 6:11-CR-10079-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH** and **HOLMES**, Circuit Judges.

Jose A. Salas-Urenas appeals from the district court's order revoking the

magistrate judge's order of conditional release and ordering him to be detained

pending trial. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and

18 U.S.C. § 3145(c), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

Mr. Salas-Urenas is charged with three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and four counts of unlawful possession of a firearm by an alien not lawfully in the United States in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). After his arrest, he was initially in state custody and was being held in the Barton County jail. After he was indicted on the federal charges on May 25, 2011, he was transferred to federal custody. The government requested a detention hearing because this case involves an "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), which triggers a presumption of detention, *id*. § 3142(e)(3)(A). The government also argued that there was a serious risk that Mr. Salas-Urenas would flee, *id*. § 3142(f)(2)(A). In addition, the government noted that Immigration and Customs Enforcement (ICE) had filed a detainer.

After the hearing, the magistrate judge entered an order releasing Mr. Salas-Urenas pending trial, subject to certain conditions set forth in a separate document. Mr. Salas-Urenas had argued that the ICE detainer had no effect because it was to the Barton County jail and was filed prior to him being in federal custody. As part of her justification for releasing Mr. Salas-Urenas pending trial, the magistrate judge stated that she had "considered the following

factors: . . . Defendant has no felony convictions," and "[t]he status of the detainer is unclear at this time." Aplt. App. at 25.

The government filed a motion to stay the magistrate judge's order pending its appeal to the district court, noting that ICE had filed a new detainer with the U.S. Marshals Service and therefore any uncertainty regarding the ICE detainer was now resolved. The district court granted the stay motion and then held a hearing on the government's appeal. After the hearing, the district court granted the government's motion to revoke defendant's release and ordered him detained pending trial. Mr. Salas-Urenas now appeals from that decision.

## II. Discussion

We review de novo mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Mr. Salas-Urenas argues that the district court erred in ordering his pre-trial detention because the court relied solely on his alleged immigration status and the ICE detainer in concluding that he was ineligible for release. We disagree with this characterization of the district court's decision and we conclude that the district court did not err in denying pre-trial release.

As the government explained at the hearing on its appeal, "I think the one thing the Government wants to emphasize to the Court is we are not asking the Court to detain the defendant solely on the basis of an immigration detainer." Aplt. App. at 118. The government identified a number of factors that supported

detention, including the detainer and defendant's illegal status, but it also pointed

to the nature of the charges and the strength of the evidence supporting the

charges.

In reaching its decision, the district court first noted that there was a

presumption of detention in this case. The court then considered the statutory

factors, specifically addressing: (1) "the nature of circumstances of the offense

charged," including whether the offense involves a controlled substance or a

firearm; (2) "the weight of the evidence against the person"; and (3) "the history

and characteristics of the person." 18 U.S.C. § 3142(g). The court explained that

the first factor "weigh[ed] in favor of detention" because the charges involved a

narcotic drug and the sale of weapons that the defendant was not lawfully

authorized to sell. Aplt. App. at 132. On the second factor, the court stated that

"the weight of the evidence is clearly strong in this case." *Id.* Finally, as part of

the court's consideration of the history and characteristics of the defendant, the

court discussed the existence of the ICE detainer and the defendant's alleged

illegal status. The court concluded by stating: "So considering the factors under

the Bail Reform Act and considering the presumption that applies in this case . . .

[Mr. Salas-Urenas] is not a good candidate for release." *Id*. at 134.

We need not resolve whether pre-trial detention would be proper based

solely on a defendant's immigration status or an ICE detainer because that

situation is not before us. A defendant's immigration status and the existence of

an ICE detainer are relevant to the detention decision as part of the history and characteristics of the defendant. The district court here properly weighed those considerations along with the nature of the charges and the weight of the evidence, both of which favored detention, in concluding that Mr. Salas-Urenas should not be released pending trial.

Accordingly, we AFFIRM the district court's detention decision. We DENY defendant's motion to seal his memorandum brief.

Entered for the Court

Per Curiam