FILED
United States Court of Appeals
Tenth Circuit

March 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ADALBERTO HERNANDEZ-MEDINA,
a/k/a Beto, a/k/a Babeto,

     Defendant - Appellant.

No. 16-3026
(D.C. No. 6:15-CR-10152-JTM-5)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Adalberto Hernandez-Medina was arrested in Arizona on a drug conspiracy

charge out of the federal district court in Kansas. Because he is an illegal alien, the

Bureau of Immigration and Customs Enforcement of the Department of Homeland

Security also lodged a detainer ("ICE detainer"). After a pretrial detention hearing, a

magistrate judge in the Arizona federal district court ordered his conditional release,

but stayed the order to permit review. The government promptly moved to revoke

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the order.  Following Mr. Hernandez-Medina's transfer to Kansas, the district court there granted the government's motion and ordered him detained.  He now appeals, challenging the district court's decision on substantive and procedural grounds.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and affirm.

Mr. Hernandez-Medina is charged with conspiracy to distribute 500 grams or more of methamphetamine.  If convicted, he faces a sentence of at least ten years to life.  21 U.S.C. § 841(b)(1)(A).  Pursuant to 18 U.S.C. § 3142(e)(3)(A), (f)(1)(C), the seriousness of this charge triggers a presumption that no condition(s) of release will reasonably assure his appearance for trial and the safety of the community, as required to warrant pretrial release under 18 U.S.C. § 3142(e)(1).  Nevertheless, the magistrate judge in Arizona ordered his release on certain conditions, including maintaining/actively seeking employment and complying with federal, state and local law.  On de novo reconsideration of the matter, *see United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003), the district court revoked the release order. Its rationale for doing so included (a) the seriousness of the charge, (b) the evidence supporting the charge, (c) the fact that, as an illegal alien prohibited from working in the United States, Mr. Hernandez-Medina could not simultaneously meet the routine employment and compliance-with-law conditions relied on by the magistrate judge, and (d) the likelihood that if Mr. Hernandez-Medina were released, DHS would execute the ICE detainer and ultimately remove him to Mexico, taking him out of the jurisdiction as effectively as if he voluntarily fled (which the district court did not deem as likely).  *See* Dist. Ct. Doc. 92, at 18-19, 22-24.

On appeal from a pretrial detention order, we review questions of law and mixed questions of law and fact de novo, but defer to the district court's findings of fact unless clearly erroneous. *Cisneros*, 328 F.3d at 613. Mr. Hernandez-Medina raises two broad objections to the district court's order. First, he contends the district court erroneously relied on the ICE detainer in finding him a potential flight risk, arguing that "[t]he government cannot create the flight risk and then advocate for a defendant's detention because he is a flight risk." Bail Memo. Br. at 10. As recounted above, the district court did not rely solely on this consideration but cited several circumstances pertinent to the detention determination under 18 U.S.C. § 3142(g). What this court said under similar circumstances in *United States v. Salas-Urenas*, 430 F. App'x 721 (10th Cir. 2011),[1] is equally apt here:

> We need not resolve whether pre-trial detention would be proper based solely on a defendant's immigration status or an ICE detainer because that situation is not before us. A defendant's immigration status and the existence of an ICE detainer are relevant to the detention decision as part of the history and characteristics of the defendant. The district court here properly weighed those considerations along with the nature of the charges and the weight of the evidence, both of which favored detention, in concluding that [the defendant] should not be released pending trial.

*Id.* at 723.

In this same vein, Mr. Hernandez-Medina contends the district court erroneously found that nothing could stop his removal pursuant to the ICE detainer if he were released before the government had a chance to prosecute. But the district court never found or stated that Mr. Hernandez-Medina would necessarily be removed if

---

[1] While *Salas-Urenas* is an unpublished decision, we consider it relevant and persuasive. *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

released on bail.[2] Rather, the district court merely observed it was more likely that Mr. Hernandez-Medina would leave the country involuntarily through removal than voluntarily through personal flight.

Mr. Hernandez-Medina's second general objection is procedural. He contends the eight-week delay in resolution of the government's motion to revoke the release order violated the statutory directive that the matter "shall be determined promptly." 18 U.S.C. § 3145(a). The delay was a function of complications with the marshal service completing Mr. Hernandez-Medina's transfer from Arizona to Kansas. *See* Dist. Ct. Doc. 92 at 25-26. As the district court found, the delay did not bespeak any bad faith interference with the judicial process that might conceivably warrant a dismissal of the case with prejudice (and a dismissal without prejudice would have no practical consequence):

> I am finding that Mr. Hernandez was brought here as quickly as possible. There was nothing more that I'm aware of that could have been done on this end to get him from Arizona to Kansas and [even] if . . . there was a violation, the only way that I would ever dismiss with prejudice is if I found that there was bad faith . . . in creating the delay and so if . . . there is a dismissal, it would be without prejudice to refiling, which simply means that we go through some of the same steps, of course.

*Id.* at 27. Further, the district court stated that its "decision would not have been any different" had the government's motion been heard earlier. *Id.*

On appeal, Mr. Hernandez-Medina does not challenge the district court's findings about the lack of bad faith and the lack of any effect of the delay on the

---

[2] Indeed, a final order of removal—the threshold trigger for commencement of the removal period, *see* 8 U.S.C. § 1231(a)(1)(B)(i)—has not even been issued yet.

outcome of the government's motion.[3]  In our view, that is essentially the end of the

matter.  The Supreme Court has held that delays in review of pretrial detention—even

if they clearly violate time prescriptions in the Bail Reform Act—are properly

deemed harmless "unless the court concludes from the record as a whole that the

error may have had a 'substantial influence' on the outcome of the proceeding."

*United States v. Montalvo-Murillo*, 495 U.S. 711, 722 (1990).[4]  In other words, if the

defendant "would have been detained" anyway, the procedural delay in reaching that

conclusion is harmless.  *Id.*

 The order of the district court is affirmed.


       Entered for the Court
       Per Curiam

---

[3] He does complain in general terms that his detention in Arizona "deprived him and counsel of the ability to meet and work together to prepare for his defense at trial without undue inconvenience or hardship."  Bail Memo. Br. at 15.  If defense preparation for trial were adversely affected and Mr. Hernandez-Medina convicted as a result, the appropriate time to advance these complaints would be on appeal from the conviction.

[4] While *Montalvo-Murillo* involved time limits in 18 U.S.C. § 3142(f) for the initial detention hearing (which are more specific and stringent than § 3145's broad command for promptness in the district court's determination of detention appeals), we have invoked its guidance in connection with the latter as well, *see United States v. Meyers*, 95 F.3d 1475, 1488 & n.5 (10th Cir. 1996).

5